UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO: _____

LAZARO GRANADO, GILBERTO
GRANADO, FREDDY ESPINOSA,
and WILLIAM FIGUEREDO TEJEDA,

      Plaintiffs,

v.

J&J WATERPROOFING, LLC and
JOHN O'GRADNEY, individually,

      Defendants.

_____/

### COMPLAINT

COMES NOW, Plaintiffs, LAZARO GRANADO ("LAZARO GRANADO"), GILBERTO GRANADO ("GILBERTO GRANADO"), FREDDY ESPINOSA ("EPINOSA"), and WILLIAM FIGUEREDO TEJEDA ("TEJEDA") (collectively, "Plaintiffs"), file their Complaint against Defendants, J&J WATERPROOFING, LLC ("J&J WATERPROOFING"), and JOHN O'GRADNEY, individually, ("O'GRADNEY"), seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 USC §§ 201, et seq. ("FLSA"), and states as follows:

1

## JURISDICTION & VENUE

1.      This Action is brought to recover overtime compensation, owed to Plaintiffs pursuant to the FLSA.

2.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3.      Venue is proper in this District because Plaintiffs worked for J&J WATERPROOFING in Collier County, FL.

4.      O'GRADNEY lives and works in this District.

5.      J&J WATERPROOFING is an enterprise engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203(r) and 203(s), and upon information and belief, had an annual gross revenue of at least $500,000.00.

6.      The three-year statute of limitations is applicable to this Complaint due to the willful violation of the FLSA by J&J WATERPROOFING pursuant, to 29 U.S.C. § 255(a).

## GENERAL ALLEGATIONS

7.      J&J WATERPROOFING's principal address is located at 561 21st ST SW, Naples, FL 34117.

2

8.     J&J WATERPROOFING provides construction, repair, and restoration services for projects throughout the State of Florida, such as caulking, deck coatings, leak repairs, wet seal and silicone sealing.

9.     O'GRADNEY is the owner and person responsible for ensuring Plaintiffs were properly paid their wages including overtime wages.

10.     Plaintiffs were employed by J&J WATERPROOFING as laborers to work at multiple job sites and projects, including repairs, restoration, and general labor-related tasks.

11.     Plaintiffs' position as foremen were not exempt from the FLSA.

12.     LAZARO GRANADO worked for J&J WATERPROOFING from on or about August 2, 2022, to November 10, 2024.

13.     GILBERTO GRANADO worked for J&J WATERPROOFING from on or about July/August 2015 to November 10, 2024.

14.     ESPINOSA worked for J&J WATERPROOFING from on or about 2022 to November 10, 2024.

15.     TEJEDA worked for J&J WATERPROOFING from on or about June 2024 to November 10, 2024.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

16.     At all times material hereto, J&J WATERPROOFING employed Plaintiffs within the meaning of the FLSA, 29 USC §216(b).

17.     At all times material hereto, J&J WATERPROOFING was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

18.     At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by J&J WATERPROOFING.

19.     Plaintiffs routinely and substantially utilized instrumentalities of interstate commerce in their work for J&J WATERPROOFING.

20.     At all times material hereto, J&J WATERPROOFING and O'GRADNEY knowingly and willfully failed to pay Plaintiffs their lawfully earned wages in conformance with the FLSA.

21.     Throughout their employment with J&J WATERPROOFING, Plaintiffs routinely worked over forty (40) hours per week but were paid a flat salary each pay period.

22.     J&J WATERPROOFING and O'GRADNEY knowingly and willfully operated its business with a policy of not paying the overtime rate of one-half for hours worked in excess of the maximum hours provided by the FLSA, to Plaintiffs.

4

23.    On occasion, J&J WATERPROOFING and O'GRADNEY paid Plaintiffs for straight time in excess of 40 hours per week in cash.

## LEGAL REPRESENTATION

24.    Plaintiffs have retained the undersigned law firm to represent them in this action and have agreed to pay the firm reasonable fees for its services.

## CONDITIONS PRECEDENT

25.    Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## COUNT I – VIOLATION OF FLSA AGAINST J&J WATERPROOFING

26.    Plaintiffs reallege and reaver the allegations set forth in Paragraphs 1 through 25 as if fully set forth herein.

27.    Throughout their employment with J&J WATERPROOFING, Plaintiffs worked additional hours in excess of forty (40) hours per week, for which they were not compensated at the statutory rate for their overtime.

28.    Plaintiffs are entitled to be paid at the rate of time and one-half for all hours worked in excess of forty (40) hours per week under the FLSA.

29.    J&J WATERPROOFING failed to pay Plaintiffs the overtime wages for which they were entitled under the FLSA.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

30.     J&J WATERPROOFING knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

31.     Additional records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of J&J WATERPROOFING.  Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of Court to amend this Complaint to set forth the precise amount due to them.

32.     As a direct and proximate result of J&J WATERPROOFING's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

33.     Due to the intentional, willful and unlawful acts of J&J WATERPROOFING, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

6

34. Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiffs, LAZARO GRANADO, GILBERTO GRANADO, FREDDY ESPINOSA, and WILLIAM FIGUEREDO TEJEDA, respectfully request that judgment be entered in their favor against Defendant, J&J WATERPROOFING, LLC, and award damages, liquidated damages, reasonable attorneys' fees, costs, and any such further relief this Court deems just and equitable.

## COUNT II – VIOLATION OF FLSA AGAINST O'GRADNEY

35. Plaintiffs reallege and reaver the allegations set forth in Paragraphs 1 through 25 as if fully set forth herein.

36. Throughout their employment with O'GRADNEY, Plaintiffs worked additional hours in excess of forty (40) hours per week, for which they were not compensated at the statutory rate for their overtime.

37. Plaintiffs are entitled to be paid at the rate of time and one-half for all hours worked in excess of forty (40) hours per week under the FLSA.

38. O'GRADNEY failed to pay Plaintiffs the overtime wages for which they were entitled under the FLSA.

7

39.     O'GRADNEY knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

40.     Additional records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of O'GRADNEY.   Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of Court to amend this Complaint to set forth the precise amount due to them.

41.     As a direct and proximate result of O'GRADNEY's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

42.     Due to the intentional, willful and unlawful acts of O'GRADNEY, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

43.     Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | WWW.CADOGANLAW.COM

**WHEREFORE,** Plaintiffs, LAZARO GRANADO, GILBERTO GRANADO, FREDDY ESPINOSA, and WILLIAM FIGUEREDO TEJEDA, respectfully request that judgment be entered in their favor against Defendant, O'GRADNEY, LLC, and award damages, liquidated damages, reasonable attorneys' fees, costs, and any such further relief this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  June 25, 2026                              Respectfully submitted,

By:     /s/ *Gina Cadogan*
GINA MARIE CADOGAN
Fla Bar No: 177350
MADISON A. HECKMAN
Fla Bar No: 1050048
CADOGAN LAW
1200 S. Pine Island Road, Suite 370
Plantation, Florida 33324
Telephone: 954.606.5891
Facsimile: 877.464.7316
Email: gina@cadoganlaw.com
Email: madison@cadoganlaw.com
Email: tyler@cadoganlaw.com

9